UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

Benjamin Ojeda, Jr.
Nancy Ann Ojeda,

      Debtors.

_____/

Case No. 9:19-bk-06611-FMD
Chapter 13

## AQUA FINANCE, INC.'S RESPONSE TO
## DEBTORS' OBJECTION TO CLAIM 5 OF AQUA FINANCE, INC.

COME NOW, Quantum3 Group LLC, as agent of Aqua Finance Inc. (hereinafter collectively "Creditor"), by and through its undersigned counsel, and files this Response to Debtors' Objection to Claim 5 (Doc 30), and as grounds therefore would state:

1.  On or about May 8, 2015, Debtors Benjamin and Nancy Ojeda ("Debtors") entered into a Retail Installment Contract and Security Agreement (the "Contract") with Creditor whereby Debtor obtained secured financing with Aqua Finance, Inc. ("Aqua") for the purpose of purchasing a swimming pool (the "Pool") to be installed on their residence at 3330 Banyon Hollow Loop North Fort Myers, Florida (the "Real Property"). Pursuant to the Contract, Debtors granted Aqua a purchase money security interest (PMSI) lien in all goods or services purchased under the Contract. Moreover, Aqua perfected its PMSI fixture lien against the Real Property by filing a UCC Financing Statement in Lee County, Florida with the Clerk of the Court Office.

2.  On July 22, 2019, Creditor timely filed secured proof of claim 5-1 in the bankruptcy case for the account ending in xxx0247 (the "Claim"). The Claim was filed as fully secured in the amount of $50,180.44 and included an itemization of the balance at the time of the bankruptcy filing, a copy of the Contract, and other related loan documents, and the UCC Financing Statement.

3.     On December 3, 2019, Debtors filed an Objection to the Claim (the "Objection") (Doc 30). In the Objection, Debtors acknowledge that the collateral for the Contract is an in ground swimming pool that cannot be removed without much destruction of the Property, and that the swimming pool is part of the land. However, the Debtors assert that Aqua's lien does not attach to the Real Property since it is not based upon a Mortgage, and because only Nancy Ojeda signed the Contract.

4.     Both Debtors signed the Contract. Copies of the Contract and other related loan documents, which were attached to the Claim, and are also attached hereto as Composite Exhibit "A", clearly show that both Debtors signed the Contract.

5.     Aqua's lien is a perfected PMSI consensual lien based upon the purchase of the swimming pool, which became a fixture lien attached to Real Property upon the filing of the UCC fixture lien with the Circuit Court Clerk Recorder; the swimming pool has been affixed to and made part of the Real Property. This cannot be removed without seriously impairing the Real Property with the cost of removal destroying all value in the item. There is no resale value for a used in ground swimming pool.

6.     According to Florida law, fixtures that are perfected against real property are determined under real property laws for bankruptcy and state adjudication. See the Memorandum Opinion (Doc 672) of In re Harbour East Development, LTD, Case No. 10-20733-BKC-AJC; page 14, in which Judge Cristol cited Youngbey v. District of Columbia, 766 F.Supp.2d 197 (D.D.C. 2011), that held "doors and windows are generally considered to be real property or fixtures to real property, and are thus not personal property.").

7.       See also In re Mae Rolle v. Chase Manhattan Mortgage Corporation, 218 B.R. 636, (Bankr. S.D. Fla 1998), in which Judge Cristol set forth a three prong test to determine when personal property is so affixed to realty that it is part of the real estate, by stating as follows:

> Generally, a fixture is personal property that has become physically affixed to realty so that it is part of the real estate. Commercial Fin. Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814, 816 (Fla.1929); Devlin v. The Phoenix, Inc., 471 So. 2d 93, 95 (Fla. 5th DCA 1985); Black's Law Dictionary 638 (6th ed. 1990). A three-part test to determine whether personal property has become a fixture includes the following criteria: (1) whether the item has been annexed to the realty; (2) whether the item is appropriately applied to the use or purpose of that part of the realty to which it is connected; and (3) whether the party making the annexation intended the item to be a permanent accession. Commercial Fin. Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814, 816 (Fla.1929); Sears, Roebuck & Co. v. Bay Bank & Trust Co., 537 So. 2d 1041, 1042-43 n. 3 (Fla. 1st DCA 1989).

8.       In applying the three-prong test in this case, the swimming pool is so affixed to the Real Property that it would be part of the realty, and the subject fixture lien attached to Real Property.

WHEREFORE, based on the foregoing, Creditor respectfully requests the Court to overrule the Objection to Claim 5, and allow Claim 5 as a secured claim in the amount of $50,180.44, and for any other and additional relief this Court deems proper.

DATED: December __, 2019.

_____
GARY J. LUBLIN, of
Rush, Marshall, Jones and Kelly, P.A.
P.O. Box 3146
Orlando, FL  32802-3146
(407) 425-5500
(407) 423-0554 Facsimile
Florida Bar No: 542679
Attorney for Creditor
glublin@rushmarshall.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served on this 23rd day of <u>December</u>, 2019, by electronic notice if registered in the Electronic Case Filing system, otherwise by first class postage prepaid U.S. Mail to: Benjamin and Nancy Ann Ojeda, 3330 Banyon Hollow Loop North Fort Myers, FL 33903, Debtors, David Lampley and David W Fineman, 1436 Royal Palm Square Blvd, Fort Myers, FL 33919-1049, Attorneys for Debtors, Jon Waage P.O. Box 25001 Bradenton, FL 34206-5001, Chapter 13 Trustee, Office of the U.S. Trustee, 5501 E Polk Street Tampa FL 33602.

RUSH, MARSHALL, JONES and KELLY, P.A.
Attorneys for Creditor

By: _____
Gary J. Lublin, for the firm
Florida Bar No. 542679
Telephone 407-425-5500
Facsimile 407-423-0554
email: glublin@rushmarshall.com

SEND ALL NOTICES TO:

RUSH, MARSHALL, JONES and KELLY, P.A.
Attn:Gary J. Lublin
Post Office Box 3146
Orlando, FL 32802-3146