**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:

BENJAMIN & NANCY OJEDA,　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Case No.: 9:19-bk-06611-FMD
　　　　Debtors.

_____/

### DEBTORS' REPLY TO AQUA FINANCE, INC.'S RESPONSE (DN 36)
*(re: Debtor Objection to Claim, DN 30)*

COME NOW the Debtors, by and through undersigned counsel, and hereby replies to Aqua Finance, Inc.'s Response in opposition to Debtors' Objection to its claim as a secured claim on an "inground pool." As an initial matter, the Debtors correct a misstatement in the Objection in that the Claim is against both Debtors. The Objection misstated that it was only against Mrs. Ojeda. That mistake arose because the financing statement only listed Mrs. Ojeda's name, but the contract was signed by both.

As to Aqua Finance's Response, its argument fails because the contract did not identity "goods" to have a valid security agreement under the Florida UCC.

> The term "goods" is defined in Article 2 of the Uniform Commercial Code as meaning all things (including specially manufactured goods) that are movable at the time of identification to the contract for sale, other than the money in which the price is to be paid, investment securities, and things in action.
>
> Note that mobility is measured as of the time the goods are identified to the contract, rather than after the contract is completed, and thus equipment or materials that were movable at the time of such identification but were installed and became immobile fixtures in the performance of the contract are still movable within the meaning of this Code section. Examples of items that have been regarded as goods under this provision include aircraft, a ship, books, and a video game, pool table, and jukebox. "Goods" also includes the

1

unborn young of animals, as well as growing crops and other identified things attached to, but to be severed from, realty.

Fla. Jur. 2d Sales § 7, Goods, conforming goods & receipts. The description in the security agreement was an "In Ground Swimming Pool." An *inground* pool is not movable and was not mobile at the time of contract; *it did not even exist as it was not yet constructed*. Creditor did not identify concrete, tile, or any number of other items that go into pool construction which might, arguably, meet the definition of "goods" and, therefore, Creditor does not have a secured claim.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that December 30, 2019, a true and correct copy of the foregoing was served upon **all persons receiving electronic notice via the Court's CM/ECF system in this case**; and by **U.S. first class mail** to Benjamin & Nancy Ojeda, 3330 Banyon Hollow Loop, North Fort Myers, FL 33903.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-210-3681 – Dir.
239-939-0588 – Fax
www.DellutriLawGroup.com

*/s/ David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com

17234.01