## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

BENJAMIN & NANCY OJEDA,   Chapter 13
                          Case No.: 9:19-bk-06611-FMD
    Debtors.

_____/

### DEBTORS' ARGUMENT TO SUPPLEMENTAL AUTHORITIES PROVIDED BY AQUA FINANCE, INC. AT THE HEARING ON DEBTOR'S OBJECTION TO ITS CLAIM

COME NOW the Debtors, by and through undersigned counsel, and, having reviewed the case law citations supplied by Aqua Finance, Inc. at the hearing on the Debtor's objection to its claim (DN 30) held on January 23, 2020, hereby asserts Debtors' position on same. At the hearing, Aqua Finance's counsel asserted three cases to support its position: (1) *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322 (11th Cir. 1998); (2) *Propulsion Technologies, Inc. v. Attwood Corp.*, 369 F.3d 896 (5th Cri. 2004); and (3) *In re Alex Castillo*, 19-20156-JKO, DN 37 (Bankr. S.D. Jan. 21, 2020) (unpublished). However, upon review of those cases, all support the Debtors position that the construction of an inground pool is not a good under the UCC.

    *BMC Industries Case*

In *BMC Industries*, the Eleventh Circuit grappled with the concept of the predominant factor test to determine whether contracts involving both goods and services are covered or excluded from coverage under the UCC. Under that test, the court determines whether the parties' predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved, or is transaction of sale, with labor incidentally involved. In *BMC Industries*, dealt with "the fabrication and installation of automated *equipment*", and the court

1

found that the parties had moveable goods in mind, not services. *BMC Industs., Inc.*, 160 F.3d at 1331 (*emphasis in original*). Certainly, the construction of an inground, concrete pool is predominantly focused on the service of construction, with any goods such as the materials being incidentally involved. Therefore, as the transaction was not one of "goods", it cannot be governed by the UCC.

### *Propulsion Technologies Case*

In *Propulsion Technologies*, the Fifth Circuit likewise considered a hybrid-type contract involving the sale of goods and services, to wit: custom-designed propeller castings. The court found that the castings were "goods" because they "were a 'movable' 'thing' 'specially manufactured.'" *Propulsion Techs., Inc.*, 369 F.3d at 901. An inground pool, on the other hand, is *not* a movable thing but, rather, a immovable thing and, therefore, not a "good." Therefore, it is not governed by the UCC.

### *In re Castillo*

In *In re Castillo*, Judge Olson determined that Aqua Finance was secured on *windows*, not an inground swimming pool. As with the cases above, and those cited in earlier filings, windows are clearly goods under the UCC as they are manufactured and moveable, unlike an inground swimming pool. As an inground pool is not a "good" under the UCC, Aqua Finance cannot secure itself with a UCC lien.

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that February 18, 2020, a true and correct copy of the foregoing was served upon **all persons receiving electronic notice via the Court's CM/ECF system in this**

**case**; and by **U.S. first class mail** to Benjamin & Nancy Ojeda, 3330 Banyon Hollow Loop, North Fort Myers, FL 33903.

                                                THE DELLUTRI LAW GROUP, P.A.
                                                1436 Royal Palm Square Blvd.
                                                Fort Myers, FL 33919
                                                239-939-0900
                                                239-210-3681 – Dir.
                                                239-939-0588 – Fax
                                                www.DellutriLawGroup.com

                                                ***/s/ David W. Fineman***
                                                David W. Fineman, Esq.
                                                FBN: 0040993
                                                Dfineman@DellutriLawGroup.com

17234.01