## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

BENJAMIN & NANCY OJEDA,　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　Case No.: 9:19-bk-06611-FMD
　　　　　Debtors.

_____/

## DEBTORS' MOTION TO APPROVE
## COMPROMISE OF INJURY SUIT, AND APPROVE FEES OF INJURY ATTORNEY

COME NOW the Debtors, by and through undersigned counsel, and move this Court to approve the settlement reached with GIANMARCO PARIS and MICHELLE PARIS MONTSERRAT (the "At-Fault Parties") from a vehicle collision between the At-Fault Parties and Debtor Benjamin Ojeda.

1.　　The Debtors filed bankruptcy on July 15, 2019.

2.　　The Debtor has a claim against the At-Fault Parties arising from a vehicle collision, and the parties have reached a settlement on the matter in the amount of $17,500.00.

3.　　This matter arose after the bankruptcy case was filed.

4.　　Undersigned counsel's firm was approved as counsel to the Debtor in the injury case on a contingency fee basis.  (DN 53).

5.　　After attorney's fees and costs (33 1/3% [$5,833.33] in fees + $834.13 (to date) in costs, total $6,569.46], and medical bills and liens, the Debtor will net approximately $8,000.00.

6.　　Request is hereby made to approve the settlement, fees and costs incurred by undersigned counsel in the injury case, and payment of the outstanding medical bills and liens.

7. Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

6. Rule 9019(a) gives the Court broad authority in approving compromises or settlements. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (*citing In re Charter Co.*, 72 B.R. 70 (Bankr. M.D. Fla.1987)). The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. *River City v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. *Id.* In determining whether a proposed compromise is in the best interests of the estate, the Bankruptcy Court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.1990), *cert. denied*, 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990). A court considering the approval of a settlement need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988); *In re Martin*, 91 F.3d 389 (3rd Cir. 1996).

7. Based upon the above-outlined factors, the proposed settlement is in the best interests of the Estate and the Debtor's creditors.

8. **WHEREFORE** the Debtors respectfully request that the Court enter an order granting the Motion; approving the settlement agreement with the At-Fault Parties; approve fees and costs incurred by undersigned counsel in the injury case as outlined herein; approve payment of the outstanding medical bills and liens incurred by the Debtor; and granting such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2020, a true and correct copy of the foregoing was served upon **all persons receiving electronic notice via the Court's CM/ECF system in this case**; and by **U.S. first class mail** to all persons listed on the Court's mailing matrix that are not receiving notice by CM/ECF; Benjamin & Nancy Ojeda, 3330 Banyon Hollow Loop, North Fort Myers, FL 33903.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-210-3681 – Dir.
239-939-0588 – Fax
www.DellutriLawGroup.com

*/s/ David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com

17234.01